**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| STATE NATIONAL INSURANCE COMPANY INC.<br>Plaintiff,<br><br>v.<br><br>ROBERTO LINARES RODRIGUEZ, KEVIN COLLIER,<br>DS1 LOGISTICS INC. and DANIEL STOJANOVIC,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.: 1:23-cv-143 |

## COMPLAINT FOR DECLARATORY JUDGMENT

State National Insurance Company Inc., by counsel, respectfully seeks a declaratory judgment in its favor and against Roberto Linares Rodriguez, Kevin Collier, DS1 Logistics Inc. and Daniel Stojanovic, for all the following reasons:

## PARTIES, JURISDICTION AND VENUE

1. State National Insurance Company Inc. ("State National") is a California corporation, with its principal place of business in Texas. Plaintiff is, and at all times relevant to this complaint was, duly authorized to transact business in Illinois. Plaintiff is in the business of providing and underwriting insurance and, in this case, issued an insurance policy to DS1 Logistics Inc. under Policy No. GWP55105 00 ("the Policy," attached as Exhibit A).

2. Upon information and belief, DS1 Logistics Inc. is an Illinois corporation, with its principal place of business located at 4957 Oakton Street, Suite 301, Skokie, Illinois. DS1 Logistics is, and at all times relevant to this complaint was, an interstate trucking company, with insurance coverage provided by the Policy issued by State National, making it an interested party to this case.

3. Roberto Linares Rodriguez is. and at all relevant times was, a resident and citizen of Las Vegas, Nevada. Mr. Linares Rodriguez was the co-driver of the semi-truck that was covered by the Policy and, therefore, is an interested party to this case.

4. Upon information and belief, Kevin Collier is, and at all relevant times was, a resident and citizen of Rochester, New York. Mr. Collier was the driver of the semi-truck that was covered by the Policy and, therefore, is an interested party to this case.

5. Upon information and belief, Daniel Stojanovic is, and at all relevant times was, a resident and citizen of Riverwoods, Illinois. Mr. Stojanovic is the owner of the semi-truck that was covered by the Policy and, therefore, is an interested party to this case.

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332(a).

7. The parties are citizens of several states – with (a) State National being a California corporation based in Texas, (b) Mr. Linares Rodriguez being a Nevada citizen, (c) Mr. Collier being a New York citizen, (d) Mr. Stojanovic being an Illinois citizen and (e) DS1 Logistics being an Illinois citizen. Complete diversity of citizenship therefore exists here. *See Altom Transport Inc. v. Westchester Fire Ins. Co.*, 823 F.3d 416, 420 (7th Cir. 2016) (28 U.S.C. §1332 "requires complete diversity: no plaintiff may be a citizen of the same state as any defendant"); *accord*, *Schumacher v. Sterigenics US LLC*, 394 F.Supp.3d 837, 846 (N.D.Ill. 2019).

8. The amount in controversy in this matter exceeds $75,000. Mr. Linares Rodriguez brought an action against DS1 Logistics, Mr. Collier, and Mr. Stojanovic in the South Central Judicial District Court of North Dakota (in and for Morton County), *sub nom Linares Rodriguez v. Collier et al*, No. 30-2022-CV-938, on December 8, 2022. In that litigation, Mr. Linares Rodriguez is seeking damages for injuries allegedly sustained while he was the passenger in a semi-trailer (a) driven by Mr. Collier while under the employ of DS1 Logistics, and (b) owned by

Mr. Stojanovic. Based upon medical records in State National's possession, Mr. Linares Rodriguez claims to have been billed at least $86,500 for his medical treatment alone; State National will produce these relevant records (which contain sensitive medical information) for *in camera* inspection upon request, should the Court require that in order to assure itself that it can assert diversity jurisdiction. Further, the Policy has a coverage limit of $750,000 per accident. (*See* Exhibit A at 26 (Form MCS-90).)

9. The Policy was issued by State National to DS1 Logistics in this District. The execution of that policy, and payments made towards the policy, also occurred in this District. Thus, this District is an appropriate venue for this litigation.

10. As shown herein, an actual controversy exists between the parties that is within this Court's jurisdiction, for which a declaratory judgment can be issued under 28 U.S.C. §2201.

## FACTUAL BACKGROUND

11. On September 26, 2019, State National issued the Policy to DS1 Logistics. That Policy covered the period between September 26, 2019, and September 26, 2020. (Exhibit A.)

12. The Policy was a commercial regional trucking policy, and as such it was governed by federal law, including rules set forth by the United States Department of Transportation, and more specifically the Federal Motor Carrier Safety Administration.

13. Pursuant to the applicable rules and regulations in effect at all relevant times (including but not limited to 49 C.F.R. §390.1 *et seq.*), any and all insurance policies involving interstate trucking must incorporate and include Form MCS-90 – which the Policy here does.

14. At all relevant times on and before August 25, 2020, Mr. Collier and Mr. Linares Rodriguez were co-driving a semi-tractor trailer (owned by Mr. Stojanovic) from Minneapolis, Minnesota to Billings, Montana, to deliver cargo at DS1 Logistics' direction.

15. On August 25, 2020, Mr. Collier was driving a 2021 Kenworth Truck with a VIN of 1XKYDP9X5LJ433672 (the "Truck"). While traveling between Minneapolis, Minnesota and Billings, Montana, Mr. Collier was operating the Truck westbound on Interstate 94 in Morton County, North Dakota.

16. While Mr. Collier was driving the Truck on August 25, 2020, Mr. Linares Rodriguez was riding along as the co-driver of the vehicle; he was not operating the Truck.

17. As the Truck was traveling westbound on Interstate 94, approaching mile marker 118, Mr. Collier allegedly lost control of the Truck, causing it to leave the road and go airborne, where it was involved in a single vehicle accident, allegedly injuring Mr. Linares Rodriguez.

18. The Policy contains the following relevant coverage provision:

**SECTION II – COVERED AUTOS LIABILITY COVERAGE**

**A. Coverage**

> We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damages" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance, or use of a covered "auto". …

(Exhibit A at 31.)

19. The Policy also contains the following relevant coverage exclusions:

**SECTION II – COVERED AUTOS LIABILITY COVERAGE**

* * *

B. **Exclusions**

This insurance does not apply to any of the following:

* * *

**3. Workers' Compensation**

Any obligation for which the "insured" or the "insured's" insurer may be held liable under any workers' compensation, disability benefits or unemployment compensation law or any similar law.

**4. Employee Indemnification and Employer's Liability**

"Bodily injury" to:

**a.** An "employee of the "insured" arising out of and in the course of:
**(1)** Employment by the "insured"; or
**(2)** Performing the duties related to the conduct of the "insured's" business;

* * *

This exclusion applies

**(1)** Whether the "insured" may be liable as an employer or in any other capacity; and
**(2)** To any obligation to share damages with or repay someone who must pay damages because of the injury.

**5. Fellow Employee**

"Bodily injury" to:

**a.** Any fellow "employee" of the "insured" arising out of and in the course of the fellow "employee's" employment or while performing duties related to the conduct of your business; or

**b.** The spouse, child, parent, brother, or sister of that fellow "employee" as a consequence of Paragraph **a.** above.

(Exhibit A at 33-34.)

20. The Policy contains the following relevant Definitions:

**SECTION VI – DEFINITIONS**

* * *

F. "Employee" includes a "leased worker". "Employee" does not include a "temporary worker."
* * *

I. "Leased worker" means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm to perform duties related

> to conduct of your business. "Leased worker" does not include a "temporary worker."
>
> * * *
>
> Q. "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions.

(Exhibit A at 42-44.)

21. In addition to the above set forth exclusions, Form MCS-90, which was incorporated into and made a part the Policy, included the following specific exclusion: "Such insurance as is afforded, for public liability, does not apply to injury to or death of the insured's employees while engaged in the course of their employment, or property transported by the insured, designated as cargo." (Exhibit A at 27.)

22. 49 C.F.R. §390.1 governs all interstate motor carriers, and the definitions found therein are controlling as well. Therein, the word "employee" is defined, at 49 C.F.R. §390.5, as "a driver of a commercial motor vehicle (including an independent contractor while in the course of operating a commercial motor vehicle)."

23. Even though Mr. Linares Rodriguez denies in his complaint that he is an employee, the definition set forth in 49 C.F.R. §390.5 governs and controls, given the interstate trucking context applicable here.

**COUNT I – DECLARATORY RELIEF**

24. State National incorporates paragraphs 1-23 herein, by this reference.

25. On or around December 8, 2022, Mr. Linares Rodriguez filed the *Linares Rodriguez v. Collier* litigation in North Dakota state court. This suit relates to, and was filed on account of, the accident that occurred on August 25, 2020, involving Mr. Collier and Mr. Linares

Rodriguez. In it, Mr. Linares Rodriguez is seeking damages for the injuries he allegedly sustained on account of the accident.

26. The Policy, which included the exclusions set forth above, was in full force and effect on August 25, 2020, at the time when the accident in question took place.

27. Based upon the definition of "employee" found in 49 C.F.R. §390.5, Mr. Linares-Rodriguez was an employee of DS1 Logistics at the time the collision occurred.

28. Accordingly, since Mr. Linares Rodriguez was an employee of DS1 Logistics at the time of the accident in question, the policy exclusions set forth above apply, and State National is entitled to a declaration that coverage under the policy does not apply to the collision that occurred on August 25, 2020.

29. A controversy exists regarding State National's obligation to defend and indemnify DS1 Logistics and Mr. Stojanovic in the *Linares Rodriguez* action pending in North Dakota.

30. State National therefore seeks a declaration that coverage under the Policy does not apply to the single vehicle accident that occurred on August 25, 2020, in North Dakota, and that it has no duty to defend or indemnify either DS1 Logistics or Mr. Stojanovic in the underlying action filed by Mr. Linares Rodriguez.

WHEREFORE, State National Insurance Company respectfully seeks a declaratory judgment in its favor, and against all defendants, which provides

(a) a declaration that State National is not obligated to provide DS1 Logistics with coverage for any costs or expenses incurred in connection with the single vehicle collision that occurred on August 25, 2020;

(b) a declaration that State National is not obligated to provide Daniel Stojanovic with coverage for any costs or expenses incurred in connection with the single vehicle collision that occurred on August 25, 2020;

(c) an award of costs;

(d) an award of a reasonable attorney's fee according to law; and

(e) any other relief that is just and proper.

Respectfully Submitted,

PATTON & RYAN, LLC

By: /s/ John W. Patton Jr.
John W. Patton Jr.

John W. Patton Jr.
Thomas E. Soule
Joseph A. Korn
**PATTON & RYAN, LLC**
330 North Wabash Ave., Suite 3800
Chicago, IL 60611
T: (312) 261-5160
F: (312) 261-5161
tsoule@pattonryan.com
jkorn@pattonryan.com